1    SUSAN E. BASINGER, ESQ. (Bar No. 140864)
     HIGGS, FLETCHER & MACK LLP
2    401 West A Street, Suite 2600
     San Diego, CA 92101-7913
3    Telephone:    (619) 236-1551
     Facsimile:    (619) 696-1410
4
     MARK J. ROSENBERG
5    SILLS CUMMIS & GROSS PC
     One Rockefeller Plaza
6    New York, New York 10020
     Telephone:    (212) 500-1563
7    Facsimile:    (212) 643-6500

8    Attorneys for Defendant
     CENTRAL PURCHASING, LLC
9

10              UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12

13   JENS ERICK SORENSEN, as Trustee of        Case No.  SDCV08-0309 (BTM) (CAB)
     SORENSEN RESEARCH AND
14   DEVELOPMENT TRUST,                         **ANSWER TO COMPLAINT FOR PATENT
                                                INFRINGEMENT; REQUEST FOR JURY
15                    Plaintiff,                TRIAL**

16   v.

17   CENTRAL PURCHASING, LLC a
     California Corporation; and DOES 1-100,
18
                      Defendant.
19

20

21          Defendant Central Purchasing LLC ("Central Purchasing"), by its attorneys,

22   hereby sets forth its answer to the Complaint of Plaintiff Sorensen Research and

23   Development Trust ("SRDT") as follows:

24          1.      Central Purchasing is without knowledge or information sufficient to

25   form a belief as to truth of the allegations of the allegations of Paragraph 1 of the

26   Complaint.

27          2.      Responding to Paragraph 2 of the Complaint, Central Purchasing

28   denies that it is a corporation organized under the laws of the State of California

HIGGS, FLETCHER &
MACK LLP           852227.1                                    ANSWER
                                                   CASE NO. SDCV08-0309 (BTM) (CAB)

1    and admits that it has a place of business at 3491 Mission Oaks Blvd., Camarillo,

2    CA 93011.

3        3.    Central Purchasing denies the allegations of Paragraph 3 of the

4    Complaint.

5        4.    Central Purchasing denies the allegations of Paragraph 4 of the

6    Complaint.

7        5.    Central Purchasing admits that Plaintiff's Complaint purports to allege

8    a claim arising under the Patent Laws of the United States of America, Title 35,

9    United Sates Code, and further admits that Plaintiff's Complaint alleges jurisdiction

10   for the purported claim based upon Title 28, United States Code §§ 1331, 13329a),

11   and 1338(a).

12       6.    Central Purchasing denies that it has committed acts of infringement in

13   this District, and is without knowledge or information sufficient to form a belief as

14   to truth of the remaining allegations of Paragraph 6 of the Complaint.

15       7.    Central Purchasing denies the allegations in Paragraph 7 of the

16   Complaint.

17       8.    As its response to Paragraph 8 of the Complaint, Central Purchasing

18   repeats its responses to the allegations Paragraphs 1 through 7 of the Complaint as

19   if set forth fully herein.

20       9.    Central Purchasing admits the allegations of Paragraph 9 of the

21   Complaint.

22       10.   Central Purchasing denies the allegations of Paragraph 10 of the

23   Complaint.

24       11.   Central Purchasing admits that it manufactures certain products

25   identified in Paragraph 11 of the Complaint, but denies the remaining allegations in

26   Paragraph 11 of the Complaint.  Central Purchasing further denies that the term

27

28

852227.1                            - 2 -                    ANSWER
                                                    SDCV08-0309 (BTM) (CAB)

"Accused Products," as defined in Paragraph 10 of the Complaint, apples to the products enumerated or otherwise referenced in Paragraph 11 of the Complaint.

12.    Central Purchasing denies that its products are manufactured through the use of the '184 patented process, or that the manufacture of its products is otherwise infringing, and admits the remaining allegations of Paragraph 12 of the Complaint.

13.    Central Purchasing denies the allegations of Paragraph 13 of the Complaint.

14.    Central Purchasing admits the allegations of Paragraph 14 of the Complaint.

15.    Central Purchasing is without knowledge or information sufficient to form a belief as to truth as to the truth of the allegations in Paragraph 15 of the Complaint.

16.    Central Purchasing denies the allegations of Paragraph 16 of the Complaint.

17.    Responding to Paragraph 17 of the Complaint, Central Purchasing denies that it has manufactured, imported, sold, or offered for sale products manufactured through the use of the "'184 patented process" and admits the remaining allegations of Paragraph 17 of the Complaint.

18.    Responding to Paragraph 18 of the Complaint, Central Purchasing refers to the notice, drawing and claim chart referenced by Plaintiff in Paragraph 18 for their exact terms and otherwise denies the remaining allegations of Paragraph 18 of the Complaint.

19.    Central Purchasing denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Responding to Paragraph 20 of the Complaint, Central Purchasing refers to the "initial letter" referenced by Plaintiff in Paragraph 20 for its exact terms and denies the remaining allegations of Paragraph 20 of the Complaint.

21.     Central Purchasing denies the allegations in Paragraph 21 of the Complaint.

22.     Central Purchasing denies the allegations in paragraph 22 of the Complaint.

23.     Central Purchasing denies the allegations in Paragraph 23 of the Complaint

24.     Central Purchasing denies the allegations in Paragraph 24 of the Complaint.

25.     Central Purchasing denies the allegations in Paragraph 25 of the Complaint.

26.     Central Purchasing denies the allegations in Paragraph 26 of the Complaint.

27.     Central Purchasing denies the allegations in Paragraph 27 of the Complaint.

28.     Central Purchasing denies the allegations in Paragraph 28 of the Complaint.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The claims of the '184 Patent are invalid under one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

///

///

<u>COUNTERCLAIMS</u>

Central Purchasing LLC files these Counterclaims against Jens Erik Sorensen and the Sorensen Research and Development Trust (collectively, "SRDT"):

<u>Nature and Basis of the Action</u>

1.    This is an action for a declaratory judgment that U.S. Patent No. 4,935,184 (hereinafter the '184 Patent) is invalid, and is not infringed by Central Purchasing.

<u>Jurisdiction and Venue</u>

2.    These counterclaims are asserted under Federal Rule of Civil Procedure 13, and also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over the subject matter of these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

3.    As demonstrated by the Plaintiff's Complaint, and the Answer and Affirmative Defenses in this Action, an actual, substantial, and continuing controversy exists between Central Purchasing and Plaintiff, SRDT, with respect to the invalidity and non-infringement of the '184 Patent.

<u>COUNT I</u>

(Declaration of Invalidity of the '184 Patent)

4.    Central Purchasing repeats and realleges the allegations of Paragraphs 1 through 3 of the Counterclaims above as if set forth fully herein.

5.    By virtue of SRDT's filing of its Complaint, an actual controversy exists between SRDT and Central Purchasing with respect to the validity of the '184 Patent.

///

///

6.    The claims of the '184 Patent are invalid under one or more of the following provisions of Title 35 of the United States Code:  §§ 101, 102, 103, and 112.

COUNT II

(Declaration of Non-Infringement of the '184 Patent)

7.    Central Purchasing repeats and realleges the allegations in Paragraphs 1 through 6 of the Counterclaims as if set forth fully herein.

8.    By way of SRDT's filing of its Complaint, an actual controversy exists between Central Purchasing with respect to the infringement of the '184 Patent.

9.    The Central Purchasing products identified by SRDT in the Complaint and in its prior correspondence with Central Purchasing do not infringe the '184 Patent.

WHEREFORE, Defendant Central Purchasing respectfully requests that the Court enter a (1) judgment dismissing Plaintiff's Complaint in its entirety, (2) declaring that the '184 Patent is invalid, (3) declaring that Central Purchasing has not infringed the '184 Patent, and (4) granting such other and further relief that the Court deems just and proper.

///
///
///
///
///
///
///
///
///
///

1

## REQUEST FOR JURY TRIAL

2          Defendant Central Purchasing hereby requests a jury to try any issue triable

3    of right before a jury.

4

5    DATED:  April 1, 2008                    HIGGS, FLETCHER & MACK LLP

6

7                                             By: *Susan E. Basinger*

8                                                SUSAN E. BASINGER
                                                 Attorneys for Defendant
9                                                CENTRAL PURCHASING LLC

10
     Dated:  April 1, 2008                    SILLS CUMMIS & GROSS P.C.
11

12

13                                            By:  /S/ Mark J. Rosenberg
                                                 MARK J. ROSENBERG
14                                               Attorneys for Defendant
                                                 CENTRAL PURCHASING, LLC a
15                                               California Corporation; and DOES
                                                 1-100
16

17

18

19

20

21

22

23

24

25

26

27

28

852227.1                        - 7 -                    ANSWER
                                                         SDCV08-0309 (BTM) (CAB)

SUSAN E. BASINGER, ESQ. (Bar No. 140864)
basinger@higgslaw.com
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
TEL:  619.236.1551
FAX:  619.696.1410

MARK J. ROSENBERG, ESQ.
mrosenberg@sillscummis.com
SILLS, CUMMIS & GROSS P.C.
One Rockefeller Plaza
New York, NY  10020
TEL:  (212) 500-1563
FAX:  (212) 643-6500

Attorneys for Defendant
CENTRAL PURCHASING LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                    Plaintiff,<br><br>v.<br><br>CENTRAL PURCHASING LLC, a California corporation; and DOES 1-100,<br><br>                    Defendant. | CASE NO. 08 CV 0309 BTM CAB<br><br>**PROOF OF SERVICE BY MAIL**<br><br><br>CASE FILED:    February 15, 2008<br>TRIAL DATE:    Not Yet Set |

I am a citizen of the United States and employed in San Diego County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 401 West "A" Street, Suite 2600, San Diego, California  92101-7913.  A copy of the within document(s):

**ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT; REQUEST FOR JURY TRIAL**

**BY ELECTRONIC FILING**:

        I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

| | |
|---|---|
| Melody A. Kramer, Esq.<br>Kramer Law Offices, Inc.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, CA 92121 | Attorney for Plaintiff<br>JENS ERIK SORENSEN, as Trustee of Sorensen Research and Development Trust<br>Phone: (858) 362-3150<br>mak@kramerlawip.com |
| J. Michael Kaler, Esq.<br>Kaler Law Offices<br>9930 Mesa Rim Road, Suite 200<br>San Diego, CA 92121 | Attorney for Plaintiff<br>JENS ERIK SORENSEN, as Trustee of Sorensen Research and Development Trust<br>Phone: (858) 362-3151<br>Michael@kalerlaw.com |

**BY UNITED STATES MAIL:**

        I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. The following non-CM/ECF users were served:

| | |
|---|---|
| Mark J. Rosenberg<br>Sills, Cummis & Gross PC<br>One Rockerfeller Plaza<br>New York, NY 10020 | Co-Counsel for Defendant<br>CENTRAL PURCHASING, LLC<br>Phone: (212) 500-1563<br>**mrosenberg@sillscummis.com** |

1     I declare that I am employed in the office of a member of the bar of this court at whose

2 direction the service was made.

3     Executed on April 1, 2008, at San Diego, California.

4

5 *Linda McMullen*

6     LINDA McMULLEN 105683-1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28