1  SUSAN E. BASINGER, ESQ. (Bar No. 140864)
   HIGGS, FLETCHER & MACK LLP
2  401 West "A" Street, Suite 2600
   San Diego, CA  92101-7913
3  TEL: 619.236.1551
   FAX: 619.696.1410
4
   MARK J. ROSENBERG, ESQ.
5  SILLS CUMMIS & GROSS P.C.
   One Rockefeller Center
6  New York, NY 10020
   TEL: 212.500.1563
7  FAX: 212.643.6500

8  Attorneys for Defendants
   CENTRAL PURHCASING LLC
9

10                     UNITED STATES DISTRICT COURT

11                    SOUTHERN DISTRICT OF CALIFORNIA

| 12 | JENS ERIK SORENSEN, as Trustee of the SORENSEN RESEARCH AND DEVELOPMENT TRUST, | CASE NO. 08 CV 0309 BTM (CAB) |
|---|---|---|
| 13 | | DEFENDANT CENTRAL PURCHASING'S NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS |
| 14 | Plaintiffs, | |
| 15 | v. | DATE:        May 16, 2008<br>TIME:        11:00 a.m. |
| 16 | CENTRAL PURCHASING, LLC, a California Corporations; and DOES 1-100, | CTROOM:   15<br>JUDGE:     Hon. Barry Ted Moskowitz<br>TRIAL DATE:  No Date Set |
| 17 | Defendants. | |
| 18 | | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT -- NO APPEARANCE NECESSARY** |
| 19 | | |

20

21       **NOTICE IS HEREBY GIVEN** that on May 16, 2008, at 11:00 a.m., or as soon

22  thereafter as counsel may be heard, before the Honorable Barry Ted Moskowitz, in Courtroom 15

23  of the above-entitled Court, located at 940 Front Street, San Diego, California, defendant

24  **CENTRAL PURCHASING LLC** will, and hereby does, move to stay all proceedings in this

25  matter pending reexamination of United States Patent No. 4,935,184 by the United States Patent

26  and Trademark Office.

27       This Motion is based upon this Notice and Motion; the Memorandum of Points and

28  Authorities served and filed herewith; the Notice of Lodgment and all exhibits attached thereto,

served and filed therewith, and on all matters of which the court may take judicial notice; on all pleadings and records filed in this action; and on such evidence as may be presented at or before the hearing on this matter.

DATED: April 1, 2008                    HIGGS, FLETCHER & MACK LLP

By: /s/ Susan E. Basinger
SUSAN E. BASINGER
Attorneys for Defendant
CENTRAL PURHCASING LLC

Dated: April 1, 2008                    SILLS CUMMIS & GROSS P.C.

By: /S/ Mark J. Rosenberg
MARK J. ROSENBERG
Attorneys for Defendant
CENTRAL PURCHASING, LLC a
California Corporation; and DOES
1-100

SUSAN E. BASINGER, ESQ. (Bar No. 140864)
HIGGS, FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7913
Telephone:  (619) 236-1551
Facsimile:   (619) 696-1410

MARK J. ROSENBERG, ESQ.
SILLS CUMMIS & GROSS, P.C.
One Rockefeller Plaza
New York, New York 10020
Telephone:  (212) 500-1563
Facsimile:   (212) 643-6500
*Admitted pro hac vice*

Attorneys for Defendant
CENTRAL PURCHASING, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERICK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL PURCHASING, LLC a California Corporation; and DOES 1-100,<br><br>Defendants | Case No. SDCV08-0309 (BTM) (CAB)<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT CENTRAL PURCHASING, LLC'S MOTION TO STAY THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS**<br><br>DATE:          May 16, 2008<br>TIME:           11:00 a.m.<br>CTROOM:      15<br>JUDGE:         Hon. Barry Ted Moskowitz<br>TRIAL DATE:   No Date Set<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT -- NO APPEARANCE NECESSARY** |

## I.  INTRODUCTION

Defendant Central Purchasing, LLC ("Central Purchasing") respectfully submits this Memorandum in support of its motion to stay the above-captioned action, pending the determination of two separate reexaminations of the patent-in-

suit, U.S. Patent No. 4,935,184 ("the '184 Patent"), by the United States Patent and Trademark Office ("PTO").

The first request for reexamination, which raises substantial new questions of patentability regarding claims 1, 2, 4, and 6-10 of the '184 Patent was granted on or around October 11, 2007, and assigned Control No. 90/008,775.[1] (See Notice of Lodgment ("NOL"), Exhibit A). The second reexamination, which raises different substantial new questions of patentability about the same claims of the '184 Patent, was granted on February 20, 2008, and given Control No. 90/008,976. (NOL, Exhibit B).

During the reexaminations, the PTO will revisit the validity of the claims of the '184 Patent, which bears directly on the issues before this Court. Given that there are two pending reexaminations of the '184 Patent each of which involves different prior art, the likelihood that the claims of the Patent will be cancelled is substantial. Significantly, the '184 Patent is expired, and thus cannot be amended during the reexaminations. As such, Plaintiff is deprived of the ability to amend the claims of the '184 Patent in order to overcome a determination of invalidity by the PTO. Thus, a determination of invalidity by the PTO would render this action moot.

In addition to the substantial benefits of staying this proceeding pending the two ongoing reexaminations, there is virtually no possibility that a stay, if granted, would be *dis*advantageous or result in prejudice to Plaintiff at this juncture. In fact, because the case is still in its most nascent stages, this is an ideal time to stay the proceedings. Since the complaint was filed on February 15, 2008, there have been no further developments other than Central Purchasing filing its answer concurrently with this motion. A stay would prevent the unnecessary expenditure of significant resources on the part of the Court and the parties.

---

[1] The only claims of the '184 Patent that are not being reexamined, Claims 3 and 5, are dependant claims.

In sum, a stay would provide the dual benefits of simplifying (if not eliminating) the issues for trial, while conserving the resources of the Court and the parties. Accordingly, for the reasons set forth more fully below, Central Purchasing respectfully requests that the Court grant its motion and stay the instant proceedings pending the reexamination(s) by the PTO of the '184 Patent.

## II. LEGAL STANDARD FOR A STAY PENDING PTO REEXAMINATION

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Determining whether to grant a stay pending the outcome of the PTO's reexamination is a matter soundly within the discretion of the district court. *Predicate Logic, Inc. v. Distributive Software, Inc.*, Case No. 01cv1951, Doc. #126 at p.2. (S.D. Cal. Nov. 14, 2002) (Moskowitz, J.) (NOL, Exhibit C); *Photoflex Prods., Inc. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, *2-3 (N.D. Cal. May 24, 2006) (NOL, Exhibit D). There is "a 'liberal policy' in favor of granting motions to stay pending the outcome of PTO reexamination proceedings." *Sorensen v. The Black & Decker Corporation*, 2007 U.S. Dist. LEXIS 66712, *10 (S.D. Cal. Sept. 10, 2007) (Moskowitz, J.) (NOL, Exhibit E); *Predicate Logic*, Case No. 01cv1951, Doc. #126 at p.2; *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 U.S. Dist. LEXIS 18785, *4 (N.D. Cal. Feb. 26, 2007) (NOL, Exhibit F); *Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743 at *3; *Sorensen v. Helen of Troy*, Case No. 07 CV 2278, Doc. #26 at p. 1 (S.D. Cal. Feb 28, 2008) (Moskowitz, J.) (NOL, Exhibit G).

When ruling on such a stay, courts have considered the following factors: (1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simplify the

issues in question and trial of the case." *Sorensen*, 2007 U.S. Dist. Lexis 66712 at *10-11. *See also, Predicate Logic*, Case No. 01cv1951, Doc. #126 at p. 2; *Photoflex Prods. LLC*, 2006 U.S. Dist. LEXIS 37743 at *3; *Nanometrics*, 2007 U.S. Dist. LEXIS 18785 at *4 (N.D. Cal. Feb. 26, 2007).

"A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." *See In re Cygnus Telecommunications Tech., LLC Patent Litigation*, 385 F. Supp.2d 1022, 1023 (N.D. Cal. 2005). Indeed, with respect to the issue of a patent's validity, the Federal Circuit has recognized that the reexamination procedure serves to "eliminate trial of that issue (when the claim is cancelled) or to facilitate trial of the issue by providing a district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

Several additional benefits associated with staying litigation pending the PTO's resolution of reexamination proceedings have been recognized:

1. Prior art presented to the court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the court. *Broadcast Innovation, LLC v. Charter Communs., Inc.*, 2006 U.S. Dist. LEXIS 46623, *9-10 (D.Colo. Jul. 11, 2006) (NOL, Exhibit H).

In this case, every relevant consideration militates heavily in favor of staying the present litigation pending the outcome of the PTO's reexaminations of the '184 Patent.

### III. A STAY OF THIS ACTION LITIGATION PENDING THE PTO'S REEXAMINATIONS OF THE '184 PATENT IS WARRANTED

A stay in this case is particularly appropriate for the following reasons: (1) Defendant's motion for the stay is timely; (2) Plaintiff will not be prejudiced by a stay; (3) a stay will simplify the issues for trial; (4) discovery has not begun, and the parties have, in fact, not progressed in any significant measure beyond the filing of the complaint and answer; and (5) a stay will reduce the burden of litigation on the parties as well as the Court.

#### A. Central Purchasing's Motion for a Stay is Timely

The two pending requests for reexamination of the '184 Patent were granted in October 2007 (Control No. 90/008,775) and February 2008 (Control No. 90/008,976). The PTO is required to conduct all reexamination proceedings with "special dispatch," 35 U.S.C. § 305.

This motion is clearly timely, as the case is in its most nascent stages. Other than the filing of the complaint and answer, nothing has happened. The parties have not conducted a Rule 26(f) conference, a Rule 16(f) conference has not been held or scheduled, the parties have not served their Rule 26(a)(1) disclosures, no discovery requests have been served, the claim construction process has not commenced and no deadlines have been set with respect to any sort of discovery, briefing, or pretrial submissions. A stay at this juncture would prevent the expenditure of *any* additional resources litigating over a patent that is likely to be

cancelled. In other words, a stay will eliminate a potentially enormous waste of resources for the parties and the Court, which, at minimum, will "benefit from the PTO's evaluation of how the [prior art] impacts the claims of the patent-in-suit." *Predicate Logic,* Case No. 01cv1951, Doc. #126 at p.5 (granting motion to stay litigation filed 3 months prior to scheduled date for claim construction hearing).

Further, the '184 Patent is expired. Axiomatically, it can no longer be infringed. Given that a PTO determination of invalidity would moot this action, it is wasteful to expend any additional resources prosecuting this action while the reexaminations are pending.

Under similar circumstances, this Court has found a stay to be warranted. In *Predicate Logic,* a motion for stay was filed (and subsequently granted) approximately three months prior to the scheduled date for a claim construction hearing. Case No. 01cv1951, Doc. #126 at p.2. Although the *Predicate Logic* case was nearly one year old, the Court noted that "this litigation has not proceeded so far that it would be unjust to stay the action." *Id.* at p.3. *A fortiori*, where, as here, the circumstances are the virtual inverse of the "eve of trial" the patent at issue is expired; and none of the concerns and pressures of an advanced litigation or impending trial are present, staying the action is entirely appropriate.

### B. Plaintiff Will Not Be Prejudiced By a Stay

Staying the action will not prejudice Plaintiff. First, it delayed initiating the present litigation. Specifically, Plaintiff alleges, *inter alia*, that Central Purchasing engaged in infringing conduct for "six years prior to the filing of this Complaint." (Complaint ¶ 26, 27). In fact, Plaintiff has been harassing Central Purchasing with baseless infringement claims for nearly three years.

In *Ingro v. Tyco Indus., Inc.,* the court granted a motion to stay litigation pending the completion of a reexamination proceeding, based in part on the plaintiff's delay in commencing the action. *Ingro,* 1985 U.S. Dist. LEXIS 19300,

*10 (N.D. Ill. May 31, 1985) ("plaintiff waited to commence litigation almost seven years after his first knowledge of alleged infringement and almost six years after the alleged first contact between plaintiff and Tyco."). *Id.* at *6. (NOL, Exhibit I). The *Ingro* court held:

> The court agrees that especially in light of plaintiff's own delay in initiating litigation, a stay pending completion of reexamination proceedings, which on average involve 15.9 months from filing date to termination in the PTO, will constitute neither undue delay nor unreasonable delay.

*Id.*

Plaintiff will also not be prejudiced by the length of the two reexamination proceedings. As this Court has recognized, "the general prejudice of having to wait for resolution [of a reexamination proceeding] is not a persuasive reason to deny the motion for stay." *Predicate Logic*, Case No. 01cv1951, Doc. #126 at p. 4-5 (granting motion for stay). Courts have repeatedly held that the delay inherent to the reexamination process does not constitute, by itself, undue prejudice. *See e.g., Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743 at *7; *Nanometrics*, 2007 U.S. Dist. LEXIS 18785 at *9; *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 U.S. Dist. LEXIS 15754, *7 (N.D. Cal. Mar. 16, 2006) (NOL, Exhibit J).

Moreover, some delay in the instant action "is more than off-set by increased certainty of whether this single patent [the '184 Patent] will survive reexamination and whether there will be any need for litigation" at all. *Nanometrics*, 2007 U.S. Dist. LEXIS 18785 at *10. These arguments are even more compelling, given the expiration of the patent-in-suit and the fact that two reexaminations concerning different prior art are pending.

In short, as this Court found in Plaintiff's case against Black & Decker,

> Plaintiff's cognizable claims of prejudice if a stay should be entered basically boil down to his inconvenience in

> delaying final collection of any monetary award of royalties, assuming he ultimately wins. However, as the court recognized in Broadcast [Innovation, LLC], the prejudice factor 'is best summarized by one question: do the Plaintiffs have an adequate remedy at law?' Just as in Broadcast, the answer here is that clearly Plaintiff does have an adequate remedy ... the '184 Patent will expire in February 2008 independent of reexamination ... Plaintiff would not have been granted any injunctive relief by this Court. Therefore, his claim would have been restricted to past monetary damages, which, with the addition of prejudgment interest, are fully capable of compensating Plaintiff.

*Sorensen*, 2007 U.S. Dist. LEXIS 66712 at \*13-15. *See also, Nanometrics*, 2007 U.S. Dist. LEXIS 18785 at \*9. In other words, since Plaintiff cannot seek or obtain injunctive relief in this case, there is no potential prejudice to Plaintiff from a stay.

In sum, there is no identifiable prejudice which would impact Sorensen as a result of a stay being entered in this case. The case remains at a decidedly early stage, and the present time is appropriate, if not ideal, for the requested stay.

### C. A Stay Will Simplify the Issues for Trial or Eliminate the Need for a Trial Altogether

As the Federal Circuit has explained with respect to the issue of patent validity, "one purpose of the reexamination procedure is to eliminate trial (when the claim is cancelled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)." *Gould*, 705 F.2d at 1342; *see also Predicate Logic*, Case No. 01cv1951, Doc. #126 at p.5. The circumstances are especially compelling here in light of the expiration of the '184 Patent. Specifically, unlike most reexamination proceedings, Plaintiff will not be afforded the opportunity to amend the claims of the '184 Patent. 37 CFR § 1.530(j) provides:

> *No enlargement of claim scope.* No amendment may enlarge the scope of the claims of the patent or introduce

> new matter. No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent.

37 C.F.R. §1.530(j).

> The cancellation of the original patent claims is the only "amendatory" change permitted in an expired patent.

*Manual of Patent Examining Procedure* § 2250(III).

Simply put, the ongoing reexaminations of the '184 Patent will determine whether the claims of the '184 Patent (as well as Plaintiff's ability to assert infringement thereof) live or die. At a minimum, the reexaminations will simplify (and likely eliminate entirely) the issues for trial in this case. If the present litigation is not stayed, there is a substantial risk that an enormous expenditure of time, effort, and the resources of the parties and the Court will be wasted on discovery, claims construction and motion practice all in connection with claims that may ultimately be cancelled by the PTO.

### D.  A Stay Will Reduce the Burden of Litigation on the Parties as Well As the Court

With two reexaminations of the '184 Patent now pending before the PTO, there is little, if any, justification for conducting parallel proceedings before this Court. A stay would reduce the burdens associated with litigation (such as cost and time) for both the parties and the Court as well. Indeed, this is the very reason that the reexamination process was codified. In passing the legislation that established the reexamination proceeding, Congress stated, with approval, the inherent power – and liberal discretion -- of the district courts to grant stays when appropriate:

> It is believed by the committee that stay provisions are unnecessary in that such power already resides with the Court to prevent costly pre-trial maneuvering which attempts to circumvent the reexamination procedure. **It is**

> anticipated that these measures provide a useful and necessary alternative for challengers and for patent owners to rest the validity of United States patent in an efficient and relatively inexpensive manner.

H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Ad. News 6460, 646 (emphasis added).

Absent a stay, the parties will soon embark on a path of extensive (and very expensive) discovery on the issues of infringement, invalidity and damages. The parties and the Court will need to engage in the claims construction process. The parties will each likely retain experts on the topics of infringement, invalidity and damages and dispositive motions will likely follow. All of the costs and time associated with these tasks can be greatly reduced (if not eliminated) by staying the present litigation, with no prejudice to Plaintiff.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## IV. CONCLUSION

For the foregoing reasons, Defendant Central Purchasing respectfully requests that the Court stay this case pending completion of the PTO's ongoing reexaminations of the '184 Patent.

DATED: April 1, 2008

HIGGS, FLETCHER & MACK LLP

By: /s/ Susan E. Basinger
SUSAN E. BASINGER
Attorneys for Defendant
CENTRAL PURCHASING LLC

Dated: April 1, 2008

By: /S/ Mark J. Rosenberg
Mark J. Rosenberg
Attorneys for Defendants
CENTRAL PURCHASING, LLC a
California Corporation; and DOES 1-100,

| | |
|---|---|
| 1 | SUSAN E. BASINGER, ESQ. (Bar No. 140864) |
|   | basinger@higgslaw.com |
| 2 | HIGGS, FLETCHER & MACK LLP |
|   | 401 West "A" Street, Suite 2600 |
| 3 | San Diego, CA 92101-7913 |
|   | TEL: 619.236.1551 |
| 4 | FAX: 619.696.1410 |
| 5 | MARK J. ROSENBERG, ESQ. |
|   | mrosenberg@sillscummis.com |
| 6 | SILLS, CUMMIS & GROSS P.C. |
|   | One Rockefeller Plaza |
| 7 | New York, NY 10020 |
|   | TEL: (212) 500-1563 |
| 8 | FAX: (212) 643-6500 |
| 9 | Attorneys for Defendant |
|   | CENTRAL PURCHASING LLC |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, | CASE NO. 08 CV 0309 BTM CAB |
|  | **PROOF OF SERVICE BY MAIL** |
| Plaintiff, |  |
| v. |  |
| CENTRAL PURCHASING LLC, a California corporation; and DOES 1-100, | CASE FILED: February 15, 2008 |
|  | TRIAL DATE: Not Yet Set |
| Defendant. |  |

I am a citizen of the United States and employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 401 West "A" Street, Suite 2600, San Diego, California 92101-7913. A copy of the within document(s):

**DEFENDANT CENTRAL PURCHASING'S NOTICE OF MOTION AND MOTION TO STAY ALL PROCEEDINGS**

**MEMORANDUM IN SUPPORT OF DEFENDANT CENTRAL PURCHASING, LLC'S MOTION TO STAY THE LITIGATION PENDING THE OUTCOME OF REEXAMINATION PROCEEDINGS;**

# DEFENDANT CENTRAL PURCHASING'S NOTICE OF LODGMENT

**BY ELECTRONIC FILING:**

I am familiar with the United States District Court, Southern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

| | |
|---|---|
| Melody A. Kramer, Esq.<br>Kramer Law Offices, Inc.<br>9930 Mesa Rim Road, Suite 1600<br>San Diego, CA 92121 | Attorney for Plaintiff<br>JENS ERIK SORENSEN, as Trustee of Sorensen Research and Development Trust<br>Phone: (858) 362-3150<br>mak@kramerlawip.com |
| J. Michael Kaler, Esq.<br>Kaler Law Offices<br>9930 Mesa Rim Road, Suite 200<br>San Diego, CA 92121 | Attorney for Plaintiff<br>JENS ERIK SORENSEN, as Trustee of Sorensen Research and Development Trust<br>Phone: (858) 362-3151<br>Michael@kalerlaw.com |

**BY UNITED STATES MAIL:**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. The following non-CM/ECF users were served:

| | | |
|---|---|---|
| 1 | | |
| 2 | Mark J. Rosenberg | <u>Co-Counsel for Defendant</u> |
| 3 | Sills, Cummis & Gross PC<br>One Rockerfeller Plaza<br>New York, NY  10020 | CENTRAL PURCHASING, LLC<br>Phone: (212) 500-1563<br><u>mrosenberg@sillscummis.com</u> |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 1, 2008, at San Diego, California.

*Linda McMullen*
LINDA McMULLEN 105683-1